

**GEORGIA PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

NADINE IBRAHIM
*Senior Counsel*
E-mail:nibrahim@law.nyc.gov
Phone: (212) 356-5037
Fax: (212) 356-3509

February 9, 2022

**BY ECF**
Honorable Vernon S. Broderick
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> The action is temporarily stayed and all deadlines are adjourned sine die. The parties are directed to submit a joint status update on or before March 31, 2022 indicating the status of (1) the CCRB investigation and (2) the parties' efforts to identify the "John Doe" officers. The parties are directed to submit a joint status update before March 31, 2022 if the CCRB investigation is completed before then.
>
> SO ORDERED: 02/16/2022
> [signature]
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

Re:   Jayson Ramirez v. City of New York, et al.,
      21-CV-7835 (VSB)

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. The City writes to respectfully request a stay of the present civil proceeding in its entirety pending the resolution of the Civilian Complaint Review Board ("CCRB") investigation into the underlying allegations in this case. This is the first such request in this matter. Plaintiff's counsel, Joel Wertheimer, does not consent to this request. Instead, he suggested an extension of the answer deadline to March 4, 2022; however, the City does not believe that it could meaningfully answer the complaint by that date.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Specifically, plaintiff alleges, *inter alia*, that on or about June 3, 2020, he was subjected to false arrest and excessive force. On September 20, 2021, this action was removed from the Supreme Court, County of Bronx by defendant City and brought before this Court. On September 21, 2021, this matter was designated for participation in Local Civil Rule 83.10 Plan. On December 13, 2021, defendant City was served with a N.Y.C.P.L. 160.50 authorization in accordance with the Plan and therefore defendant City's response to the plaintiff's complaint is currently due on February 11, 2022.

In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendant, (3)

the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992).

This Office is informed by CCRB that an investigation into the incident underlying this action is currently pending. There are several reasons why the pending CCRB investigation necessitates a stay of the instant action. First, both parties have been unable to identify any of the "John Doe" officers involved in plaintiff's arrest. Thus, the City has been unable to interview any officers in connection to this incident or investigate the allegations in the complaint. The CCRB investigation will be able to shed light on the identities of some of the officers involved. According to the CCRB online complaint status look up, CCRB has interviewed two officers in connection with this incident as well as several civilians. (See attached Exhibit)

Further, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the CCRB during the investigation, because they are protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to plaintiff's complaint, fully participate in the Plan and court conferences, or adequately prepare discovery.

Moreover, the investigation may affect the representation of one or more of the individual officers should they later be identified as the "John Doe" defendants, depending on the investigation's outcome. Before this Office may assume representation of the individual officer, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the open CCRB investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," nor whether this Office can represent each officer in the current action. Moreover, best practices prevent this Office from even communicating with the individual officers until the resolution of the CCRB proceedings. This is because if any individual officer is found to have violated NYPD procedures, there would be a conflict of interest between this Office and the individual officer. Indeed, if this Office assumes interviews the individual officers before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the

undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Finally, plaintiff will not be prejudiced by a temporary stay in this case. As an initial matter, any potential prejudice to plaintiff would be diminished by the fact that CCRB is investigating the incident. That investigation likely will aggregate relevant documents and information, and may help identify the "John Doe" officers involved in plaintiff's arrest; streamlining discovery for all parties, including plaintiff. Additionally, according to the CCRB online complaint status look up, the investigation appears to be nearing a close as the matter appears to be now under review of the Board. Therefore, a temporary stay of the proceedings would be in the interest of judicial economy and all parties involved.

Based on the foregoing, the undersigned respectfully requests that the Court: (1) stay the instant matter; and (2) adjourn s*ine die* all deadlines and conferences in this case pending the conclusion of the CCRB investigation into the underlying incident. With the Court's approval, the undersigned is prepared to provide the Court with a periodic update as to the status of CCRB investigation every 30 day, until it has been concluded.

Defendant thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Nadine Ibrahim* /s/

Nadine Ibrahim
Senior Counsel
Special Federal Litigation Division

cc:   Joel Wertheimer, Esq. (By ECF)
      *Plaintiff's Counsel*

Menu



Search

# Complaint Status Lookup - CCRB

File Complaint Complaint Status

## Case # 202104442

Status

**Open**

Incident Date

**06-04-2020**

Complaint Date

**07-28-2021**

Borough

**Bronx**

Precinct

**40**

## Case Action

**Review by Board Members**

**02-01-2022**

**Case investigation ongoing**

**02-01-2022**

**Officer interviewed**

**01-19-2022**

Officer interviewed

12-27-2021

Civilian interviewed

10-08-2021

Civilian interviewed

10-05-2021

Civilian interviewed

10-01-2021

Records requested from NYPD

09-16-2021

Civilian interviewed

09-09-2021

Records requested from NYPD

08-16-2021

Records requested from NYPD

08-10-2021

Records requested from NYPD

08-10-2021

Records requested from NYPD

08-10-2021

Records requested from NYPD

08-10-2021

Records requested from NYPD

08-10-2021

Review by investigation team supervisor

**07-30-2021**

## Forwarded to investigative team

**07-28-2021**

## Investigation initiated

**07-28-2021**

## Registration

**07-28-2021**

Back to search page